UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09047-JLS-SK                    Date: January 26, 2026
Title:  Richard Bonomini v. General Motors LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                             Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 15)**

Before the Court is a Motion to Remand filed by Plaintiff Richard Bonomini. (Mot., Doc. 15.)  Defendant General Motors LLC opposed, and Plaintiff replied.  (Opp., Doc. 18; Reply, Doc. 23.)  Having taken the matter under submission, and for the following reasons, the Court DENIES Plaintiff's Motion.

## I.     BACKGROUND

On May 9, 2025, Plaintiff Richard Bonomini filed this action in Los Angeles County Superior Court against Defendant General Motors LLC, alleging violations of the Song-Beverly Act, Cal. Civ. Code § 1793.2, and a breach of the implied warranty of merchantability, arising out of Plaintiff's purchase of a 2022 Chevrolet Trailblazer (the "Subject Vehicle").  (*See* Compl., Doc. 1-1.)  Plaintiff alleges that he is a "resident of La Mesa, California."  (*Id.* ¶ 2.)  The Complaint contains no allegations as to the amount in controversy, but includes a demand for "Plaintiff's actual damages," "a civil penalty in the amount of two times Plaintiff's actual damages," and attorneys' fees.  (*Id.* at 7.)

Defendant removed the action to federal court on September 23, 2025, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (NOR, Doc. 1.)  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09047-JLS-SK                                    Date: January 26, 2026
Title:  Richard Bonomini v. General Motors LLC et al

Notice of Removal states that complete diversity of citizenship exists because Plaintiff is a citizen of California and Defendant is a citizen of Michigan and Delaware.  (*Id.* at 3.)  It further states that the amount in controversy exceeds $75,000, based on an estimated $27,616.61 in actual damages, civil penalties in the amount of two times Plaintiff's actual damages, and attorneys' fees.  (*Id.* at 5–6.)

Plaintiff moved to remand the case on October 17, 2025, arguing that removal was untimely and that Defendant failed to show that the requisite threshold for the amount in controversy was met.[1]  (*See* Mot.)  On January 12, 2026, the Court directed the parties to review its previous orders, and to meet and confer to identify the remaining contested issues in this action.  (Order Requiring Supp. Briefing at 1, Doc. 25.)  The parties filed a joint supplemental brief on January 23, 2026, in which Plaintiff conceded that Defendant's removal was timely, but nevertheless contested Defendant's showing as to the amount in controversy.  (Supp. Brief at 2–3, Doc. 26.)

## II.   **LEGAL STANDARD**

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

---

[1] Plaintiff repeatedly references the Magnuson-Moss Warranty Act ("MMWA") in his motion to remand, stating that "Plaintiff's initial Complaint contained a Federal cause of action under the Magnuson-Moss Warranty Act," despite having brought no MMWA claim in this action.  (Mot. at 2, 6, 7, 13–14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09047-JLS-SK                           Date: January 26, 2026
Title:  Richard Bonomini v. General Motors LLC et al

A removing defendant's Notice of Removal must include "plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021).  "[T]he amount in controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also id.* (applying *Dart Cherokee* outside the CAFA context).  "In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 82.

## III.   ANALYSIS

Plaintiff challenges only whether this Court possesses diversity jurisdiction over this action.  (*See* Supp. Brief at 2–3.)  As noted above, to fall within this Court's diversity jurisdiction, an action must be between citizens of different states and have an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332(a).

"The natural person's state citizenship is [ ] determined by her state of domicile . . . [a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff's Complaint states that he resides in La Mesa, California, and Defendant's Notice of Removal states that "Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California[.]"  (Compl. ¶ 2; NOR at 3.)  With its opposition to Plaintiff's motion to remand, Defendant also provides a copy of Plaintiff's Retail Installment Sale Contract ("RISC"), indicating that Plaintiff bought the Subject Vehicle in Irvine, California.  (Ex. A to Salas Decl., RISC, Doc. 18-2.)  Plaintiff does not contest Defendant's conclusion as to his citizenship in any of his briefs, nor does he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09047-JLS-SK                           Date: January 26, 2026
Title:  Richard Bonomini v. General Motors LLC et al

provide any additional evidence.  Defendant's unrebutted assertions support a finding of Plaintiff's California citizenship.  *See Lopez v. Ford Motor Co.*, 2025 WL 3022849, at *3 (C.D. Cal. Oct. 28, 2025) (Staton, J.).

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant's Notice of Removal provides that it is a limited liability company whose "sole member is General Motors Holdings LLC."  (NOR at 3.)  "General Motors Holdings LLC's sole member is General Motors Company.  General Motors Company is a Delaware Corporation with its principal place of business in Michigan," meaning that it is a citizen of Michigan and Delaware.  (*Id.*); *see* 28 U.S.C. § 1332(c)(1).  The Court is therefore satisfied that Defendant has sufficiently alleged complete diversity of citizenship between Defendant, which, like its members, is a citizen of Michigan and Delaware, and Plaintiff, who is a citizen of California.

Turning to the amount in controversy, "[t]he measure of a buyer's damages in [a Song-Beverly Act] action includes 'replacement or reimbursement as set forth in subdivision (d) of Section 1793.2[.]'"  *Niedermeier v. FCA US LLC*, 15 Cal. 5th 792, 800 (2024).  Under that subdivision, reimbursement or restitution is "an amount equal to the actual price paid or payable by the buyer[.]"  Cal. Civ. Code § 1793.2(d)(2)(B); Cal. Civ. Code § 1794(b).  The "amount directly attributable to use by the buyer prior to the discovery of the nonconformity" must be subtracted from the calculation of actual damages.  *Id.* § 1793.2(d)(1).  As of January 1, 2025, in addition to mileage use offsets, "additional offsets exist for negative equity; manufacturers' rebates and credits; and the actual price of 'optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff.'"  *Diaz v. Nissan N. Am., Inc.*, 2025 WL 2647458, at *3 (C.D. Cal. Sept. 12, 2025) (quoting Cal. Civ. Proc. Code § 871.27(b)–(d)). Manufacturers can, and Defendant here has, "elect[ed] to be governed" by these additional offsets for all cars "sold in the year 2025 and in all prior years[.]"  Cal. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09047-JLS-SK                          Date: January 26, 2026
Title:  Richard Bonomini v. General Motors LLC et al

Proc. Code § 871.30(a); (*see* Opp. at 24).  The Song-Beverly Act also provides for civil penalties of up to double the amount of actual damages, as well as for attorneys' fees. *See* Cal. Civ. Code § 1794(c)–(d).

The evidence provided by Defendant shows that the amount of actual damages in controversy is $26,128.71.[2]  Defendant asserts that, after including civil penalties of up to two times actual damages, as well as attorneys' fees, the amount in controversy exceeds the $75,000 threshold.  (NOR at 4–6; Opp. at 26–28.)

"The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."  *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022).  Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id.* (internal citation and quotation omitted).

To satisfy this burden, Defendant points to Plaintiff's allegations of willfulness, the fact that "the Subject Vehicle was presented for repair at least 8 times[,]" and its

---

[2] In its opposition, Defendant calculates $31,126.31 of actual damages at issue, by subtracting mileage offsets and offsets for third-party service contracts from the Subject Vehicle's purchase price of $39,750.60.  (Opp. at 26–27.)  However, the damages calculation should use the total cash price in the RISC, *see Galaviz v. Gen. Motors, LLC*, 2025 WL 3022665, at *3 (C.D. Cal. Oct. 28, 2025) (Staton, J.), which is $36,944.20.  (RISC at 2.)  Moreover, Defendant is not entitled only to mileage and third-party service contract offsets, but also to offsets for third-party theft-deterrent devices and surface-protection products.  Cal. Civ. Proc. Code § 871.27(b)(1).  Thus, by subtracting an offset of $6,187 for third-party service contracts, an offset of $995 for third-party surface-protection products, an offset of $1,295 for third-party SWAT theft-deterrent protection, and a mileage offset of $2,338.29, from the Subject Vehicle's Total Cash Price of $36,944.20, the Court calculates that there are $26,128.71 of actual damages at issue.  (RISC at 2; Opp. at 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09047-JLS-SK                          Date: January 26, 2026

Title:  Richard Bonomini v. General Motors LLC et al

counsel's experience that "plaintiffs pursue civil penalties where there are records of multiple repair presentations." (*See* Compl. ¶¶ 17, 24, 28; Salas Decl. ¶¶ 3, 6, Doc. 18-1; Ex. B to Salas Decl., Doc. 18-3.)  As the Court has concluded in other cases, such allegations adequately support the inclusion of civil penalties in the amount in controversy. *See, e.g.*, *Lopez*, 2025 WL 3022849, at *4.  The Court therefore calculates a potential amount in controversy of at least $78,386.12.

Defendant shows by a preponderance of the evidence that there is diversity of citizenship and that the amount in controversy exceeds $75,000.  The Court therefore has subject matter jurisdiction.

**IV.   CONCLUSION**

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: kd